IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　Plaintiff,<br><br>v.<br><br>CHRISTINE H. MOORE f/k/a CHRISTINE M. HUDDLESTON, MICHAEL MOORE, CRAIG L. NOLEN, KATHLEEN E. NOLEN, and NOLEN PARTNERS, LTD,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§　　Civil Action No. 7:18-cv-124<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Federal National Mortgage Association ("Plaintiff" or "Fannie Mae"), Plaintiff, complaining of Christine H. Moore f/k/a Christine M. Huddleston, Michael Moore, Craig L. Nolen, Kathleen E. Nolen, and Nolen Partners, LTD, Defendants, files this *Original Complaint*, and respectfully shows the Court as follows:

### I.   PARTIES

1.　　Fannie Mae is appearing herein and is represented by the undersigned counsel.

2.　　Defendant Christine H. Moore f/k/a Christine M. Huddleston is an individual who resides in Midland County, Texas and is citizen of the State of Texas. She may be served at 1001 South County Road 1060, Midland, Texas 79706, or such other place as she may be located. Summons is requested.

3.　　Defendant Michael Moore is an individual who resides in Midland County, Texas and is citizen of the State of Texas. He may be served at 1001 South County Road 1060, Midland, Texas 79706, or such other place as he may be located.  Summons is requested.

4.      Defendant Craig L. Nolen is an individual who resides in Midland County, Texas and is citizen of the State of Texas. He may be served at 5090 S US HWY 277, ELDORADO, TX 76936, or such other place as he may be located. Summons is requested.

5.      Defendant Kathleen E. Nolen is an individual who resides in Midland County, Texas and is citizen of the State of Texas. He may be served at 5090 S US HWY 277, ELDORADO, TX 76936, or such other place as she may be located. Summons is requested.

6.      Defendant Nolen Partners, LTD is a Texas Limited Partnership. It may be served through its registered agent, John R. Nolen, 917 S. Abe, Suite 3-B, San Angelo, Texas 76903. Summons is requested.

## II. PROPERTY

7. This proceeding concerns the following real property and improvements:

Being a 50.00 acre tract out of the NW/4 of Section 48, Block 37, T-1-S, T&P RR Co. Survey, Midland County, Texas and being described more fully by metes and bounds as follows:
BEGINNING at a 1/2" reinf bar found for the northwest corner of said Section 48 and for the northwest corner of this tract;
THENCE N. 74° 27' 00" E. 2682.00 feet to a 1/2" reinf bar found for the northeast corner of this tract same being the northeast corner of the NW/4 of said Section 48;
THENCE S. 15° 10' 00" E. 812.10 feet to a 1/2" reinf bar found for the southeast corner of this tract;
THENCE S. 74° 27' 00" W. 2682.00 feet to a 1/2" reinf bar found for the southwest corner of this tract in the west line of said Section 48;
THENCE N. 15° 10' 00" W. 812.10 feet along the west line of said Section 48 to the PLACE OF BEGINNING.
SAVE & EXCEPT
Being a 1 acre tract of land out of the above 50 acre tract of land out of the NW/4 of Section 48, Block 37, T-1-S T&P RR. Co. Survey, Midland County, Texas, and being more particularly described as follows:
BEGINNING at a found 1" iron pipe at the northwest corner said Section 48, the northeast corner of Section 47, the northwest corner of a 50.00 acre tract, and the northwest corner of this tract;
THENCE N 74° 27' 00" E. along the north line of this tract also being the north line of said Section 48, a distance of 500.00 feet to a 1/2" I.R. set for the northeast corner of this tract;
THENCE S. 15° 10' 18" E. along the east line of this tract a distance of 180.00 feet to a 1/2" I.R. set for the southeast corner of this tract;
THENCE S. 74° 27' 00" W. along the south line of this tract a distance of 180.00 feet to a set 1/2" I.R.;
THENCE N. 15° 10' 18" W. a distance of 155.00 feet to a set 1/2" I.R.;
THENCE S. 74° 27' 00" W. 25' south of and parallel to the north line of said Section 48, a distance of 275.00 feet to a set 1/2" I.R.;
THENCE S. 15° 10' 18" E. a distance of 70.00 feet to a set 1/2" I.R.;
THENCE S. 74° 27' 00" W. a distance of 45.00 feet to a set 1/2" I.R. in the west line of said Section 48;
THENCE N. 15° 10' 18" W. along the west line of said Section 48, and the west line of this tract a distance of 95.00 feet to THE POINT OF BEGINNING.

The excepted one acre tract, together with the improvements thereon, is hereinafter referred to as the "1-acre Tract." The remaining tract, less the 1-acre Tract, as described, is hereinafter referred to as the "49-acre Tract." The 1-acre Tract and 49-acre Tract together are collectively referred to as the "Entire 50-acre Property." The 1-acre Tract is commonly known as 1001 South County Road 1060, Midland, Texas 79706.

## III. DIVERSITY JURISDICTION AND VENUE

8. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

9. Fannie Mae is government-sponsored entity with its principal place of business in Washington, D.C.

10. Christine H. Moore f/k/a Christine M. Huddleston is an individual who resides in Midland County, Texas and is a citizen of the State of Texas for purposes of diversity jurisdiction.

11. Michael Moore is an individual who resides in Midland County, Texas and is citizen of the State of Texas for purposes of diversity jurisdiction.

12. Craig L. Nolen is an individual who resides in Schleicher County, Texas and is citizen of the State of Texas for purposes of diversity jurisdiction.

13. Kathleen E. Nolen is an individual who resides in Schleicher County, Texas and is citizen of the State of Texas for purposes of diversity jurisdiction.

14. Defendant Nolen Partners, LTD ("Nolen Partners") is a Texas limited partnership. For purposes of diversity jurisdiction a limited partnership is considered a citizen of every state in which a general partner and a limited partner is a citizen. *Bankston v. Burch*, 27 F.3d 164, 168, (5th Cir. 1994). Nolen Partners' general partner is John R. Nolen, an individual and citizen of Texas. Nolen Partners' limited partners are also all individuals and citizens of Texas.

15. More than $75,000.00 is in controversy in this cause, exclusive of interest and costs. *See* 28 U.S.C. § 1332. The real property that is the subject of this action is worth more than $75,000.00; therefore, the minimum amount-in-controversy requirement has been met.

16. Venue is proper in the Western District of Texas, Midland Division, under 28 U.S.C. Section 1391(b)(2) because this suit concerns title to real property located in Midland County, Texas.

## IV. FACTS

17. On or about August 15, 1996, Howell A. Watkins and Reba H. Watkins executed a General Warranty Deed, recorded on August 20, 1996 under Instrument No. 14699 at Volume 1403, Page 221 (the "Watkins Deed"), granting the Entire 50-acre Property to Defendants Craig L. Nolen and Kathleen E. Nolen (the "Nolens"). A true and correct copy of the Watkins Deed is attached hereto as Exhibit A.

18. The Entire 50-acre Property was identified by the Midland County Appraisal District under Property ID No. R000001728.

19. On our about June 1, 2001, Defendant Christine H. Moore f/k/a Christine M. Huddleston ("Huddleston") purchased the Entire 50-acre Property from the Nolens, but the Property was sold in two separate transactions: (1) the 1-acre Tract; and (2) the 49-acre Tract. The Nolens executed a Warranty Deed with Vendor's Lien for the 1-acre Tract in favor of Huddleston, which was recorded in the Official Records of Midland County, Texas under Instrument No. 9899 at Volume 1874, Page 70 (the "Nolen Deed-1"). A true and correct copy of the Nolen Deed-1 is attached hereto as Exhibit B. The Nolens executed a second Warranty Deed with Vendor's Lien for the 49-acre Tract in favor of Huddleston, which was recorded in the Official Records of Midland County, Texas under Instrument No. 9903 at Volume 1874, Page 97 (the "Nolen Deed-49"). A true and correct copy of the Nolen Deed-49 is attached hereto as Exhibit C.

20. As part of the acquisition of the 1-acre Tract, Huddleston executed a Deed of Trust securing payment of a promissory note in the original principal amount of $112,000.00, granting LRS Financial Network, Inc. dba HNB Mortgage a lien interest in the 1-acre Tract, which was recorded in the Official Records of Midland County, Texas under Instrument No. 9900 at Volume 1874, Page 74 (the "Nolen Deed of Trust-1"). A true and correct copy of the Nolen Deed of Trust-1 is attached hereto as Exhibit D.

21. As part of the acquisition of the 49-acre Tract, Huddleston executed a Deed of Trust (Residential – Purchase Money) securing payment of a promissory note in the original principal amount of $54,000.00, granting the Nolens a lien interest in the 49-acre Tract, which was recorded in the Official Records of Midland County, Texas under Instrument No. 9903 (the "Nolen Deed of Trust-49"). A true and correct copy of the Nolen Deed of Trust-49 is attached hereto as Exhibit E.

22. The Nolens then transferred the Nolen Deed of Trust-49 to Defendant Nolen Partners, LTD. An Assignment of Lien was recorded on or about July 21, 2004 in the Official Records of Midland County, Texas under Instrument No. 15486 at Volume 2389, Page 55. A true and correct copy of the Assignment of Lien is attached hereto as Exhibit F.

23. On or about February 22, 2005, Huddleston, together with Defendant Michael Moore ("Moore"), refinanced the 1-acre Tract with a promissory note in the original principal amount of $199,750.00 in favor of IndyMac Bank, F.S.B. A Deed of Trust was recorded on or March 2, 2005 in the Official Records of Midland County, Texas under Instrument No. 4236 at Volume 2485, Page 9 ("Moore Deed of Trust-1"). A true and correct copy of the Moore Deed of Trust-1 is attached hereto as Exhibit G.

24.     Subsequently, on or about May 8, 2007, Huddleston and Moore obtained a Texas Home Equity loan from IndyMac Bank, F.S.B., a Federally Chartered Savings Bank. As part of the loan agreement, Huddleston and Moore also executed a Texas Home Equity Security Instrument (the "Moore Security Instrument-1"), granting IndyMac Bank, F.S.B. a lien on the 1-acre Tract. The Huddleston Security Instrument-1 was recorded on or about May 8, 2007, in the Official Records of Midland County, Texas under Instrument No. 14076 at Volume 2880, Page 227. A true and correct copy of the Moore Security Instrument-1 is attached hereto as <u>Exhibit H</u>.

25.     Huddleston and Moore defaulted on the obligations under the terms of the Note and Moore Security Instrument-1. The loan was foreclosed, and the 1-acre Tract was sold to Fannie Mae pursuant to a Foreclosure Sale Deed recorded on December 16, 2015 in the Official Records of Midland County, Texas under Instrument No. 2015-33198. A true and correct copy of the Foreclosure Sale Deed is attached hereto as <u>Exhibit I</u>.

26.     After the foreclosure, the Midland County Appraisal District taxing authority separated the Entire 50-acre Property into two separate Property Identification Numbers. The 1-Acre Tract retained Property ID No. R000001728. The 49-acre Tract, is now Property ID No. R000216663.

27.     After foreclosure and the split of the Entire 50-acre Property by the taxing jurisdiction, Fannie Mae discovered the 1-acre Tract, where the residence sits, is land-locked and not accessible by driveway to the main road. A survey of the Entire 50-acre Property is attached hereto as <u>Exhibit J</u>.

28.     The parties intended the description of the 1-acre Property to include access to the roadway. Accordingly, Fannie Mae files this suit for reformation of the each and every document in time beginning with the Nolen-1 Deed through the Foreclosure Sale Deed, covering all or part

of the Entire 50-acre Property, to be reformed so that the description of the 1-acre Tract includes the portion encompassing the gravel driveway to the residence. Alternatively, Fannie Mae seeks an easement over the 49-acre Tract for the gravel driveway that accesses the 1-acre Property.

## V.   CAUSE OF ACTION – REFORMATION

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Based on a mapping of the Property, the filings in the Official Property Records of Midland County, Texas, and the recent survey of the Entire 50-acre Property, the legal descriptions in the following records should be reformed so that the portion of the Entire 50-acre Property where the gravel driveway to the residence sits is included with the 1-acre Tract: (1) Nolen Deed-1; (2) Nolen Deed-49; (3) Nolen Deed of Trust-1; (4) Nolen Deed of Trust-49; (5) Assignment of Lien; (6) Moore Deed of Trust-1; (7) Moore Security Instrument-1; (8) Foreclosure Sale Deed; and (9) any other related and necessary filings in the chain of title for the Entire 50-acre Property.

31. The description of the 1-acre Tract did not include the portion of the Entire 50-acre Property encompassing the gravel driveway, which provide the only ingress and egress access to the main county road. Such was a mutual mistake, and Fannie Mae is entitled to a reformation of the legal descriptions in the above-referenced filings to include a new legal description of the 1-acre Tract and 49-acre Tracts, with the gravel driveway being apportioned part of the 1-acre Tract.

## VII.   ALTERNATIVE CAUSE OF ACTION – DECLARATION OF EASEMENT

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. As an alternative cause of action, Fannie Mae requests that this Court declare and enter a judgment establishing that Plaintiff has an easement in Defendants' neighboring property.

34.     The elements needed to establish an easement by necessity are: (1) unity of ownership prior to separation; (2) access must be a necessity and not a mere convenience; and (3) the necessity must exist at the time of severance of the two estates. *Koonce v. J.E. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984).

35.     Both the 1-acre Tract and 49-acre Tract were purchased and owned by Defendant Huddleston at the time of the subject loan agreement and Huddleston Deed of Trust-1.

36.     The necessity existed immediately upon Huddleston granting the Huddleston Deed of Trust-1 lien because, at that time, she owned the Entire 50-ace Property, which was severed into two separate tracts as a result of the lien. Without an easement on the 49-acre Tract, upon which the gravel driveway was constructed and now sits, Fannie Mae is be unable to market and/or sell the 1-acre Tract. This defect will prevent Fannie Mae or future owners from using, enjoying, and marketing the Property. Accordingly, Fannie Mae is entitled to a declaration from this Court regarding the existence of an easement by necessity.

37.     In the further alternative, Fannie Mae requests that this Court declare and enter a judgment establishing that Fannie Mae has an easement on the 49-acre Tract by implication.

38.     A party seeking to establish the existence of an implied easement must show that (1) there was unity of ownership of the dominant and servient estates and that the use was (2) apparent, (3) in existence at the time of the grant, (4) permanent, (5) continuous, and (6) reasonably necessary to the enjoyment of the premises granted. *Rogers v. Nabors*, Cause No. 09-99-131 CV, 2000 Tex. App. LEXIS 4390 (Tex. App.—Beaumont June 29, 2000, no. pet.) (citing *Bickler v. Bickler*, 403 S.W.2d 354, 357 (Tex. 1966)).  An easement by implication requires the showing of the same elements as an easement by necessity, plus that the use was apparent, permanent and continuous.

39. Huddleston and Moore's use of the 49-acre Tract was apparent, permanent and continuous. At all times after they granted the Huddleston Deed of Trust-1 lien, the only access to the 1-acre Tract was the gravel drive over and through the 49-acre Tract, making the use of the 49-acre Tract both continuous and permanent. Accordingly, Wells Fargo is entitled to a declaration from this Court regarding to existence of an easement by implication.

40. All conditions precedent have been performed or have occurred.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Fannie Mae requests that Defendants be summoned to appear and answer, and that, upon final hearing, the Court reform the deeds and instruments of record as set forth above herein to include a new legal description of the 1-acre Tract and 49-acre Tracts, with the gravel driveway being apportioned part of the 1-acre Tract, or alternatively, grant an easement by necessity or implication for the gravel driveway on the 49-acre Tract. Wells Fargo seeks all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**